Filed 3/18/22  P. v. Ramey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075874 |
| v. | (Super.Ct.No. INF1800469) |
| JOSEPH FOSTER RAMEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Burke Strunsky, Judge.
Affirmed.

Joseph Foster Ramey, in pro. per., and Leslie A. Rose, under appointment by the
Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

In an open plea to the court, defendant and appellant Joseph Foster Ramey pled
guilty to the sheet as charged to numerous felony offenses.  He also admitted that he had

1

one prison prior (Pen. Code,[1] § 667.5, subd. (b)) and that he committed most of the offenses while out on bail (§ 12022.1). A trial court denied probation and sentenced defendant to a total term of 17 years four months in state prison. It also ordered him to pay various fees and fines.

Defendant filed a timely notice of appeal, challenging the sentence or other matters occurring after the plea. We affirm.

PROCEDURAL BACKGROUND

A 28-count information filed on June 20, 2019, charged defendant with 22 counts of burglary (Pen. Code, § 459, counts 1-4, 6, 9-19, 22-26, and 28), one count of receiving stolen property (Pen. Code, § 496, subd. (a), count 5), two counts of buying/receiving a stolen vehicle (Pen. Code, § 496d, subd. (a), counts 8 and 21), one count of unlawfully obtaining personal identifying information of another person (Pen. Code, § 530.5, subd. (c), count 27), and two counts of the unlawful taking/driving of a stolen vehicle (Veh. Code § 10851, counts 7 and 20). It also alleged that defendant had one prison prior (Pen. Code, § 667.5, subd. (b)) and that he committed the offenses in counts 2-28 while out on bail on count 1 (Pen. Code, § 12022.1).

On January 3, 2020, defendant entered an open plea to the court, pleading guilty to each of the charged counts, with no indicated sentence. He also admitted the prior prison conviction (§ 667.5, subd. (b)) and the released-on-bail enhancement (§ 12022.1). The court dismissed the prison prior upon the People's motion. As part of the open plea,

_____

[1] All further statutory references will be to the Penal Code unless otherwise noted.

defendant was advised that the maximum sentence he could receive was 34 years four months. He also agreed to complete the residential substance abuse treatment (RSAT) program before the sentencing hearing.

The court held a sentencing hearing on September 8, 2020. It acknowledged that defendant completed the RSAT program and then heard several victim impact statements and argument from counsel. The court denied probation and sentenced defendant as follows: as to count 1, the principal count, the midterm of four years; as to count 2, one-third the midterm, or 16 months, consecutive; as to count 3, the midterm of four years, concurrent; as to count 4, one-third the midterm, or 16 months, consecutive; as to counts 5-8, concurrent midterms of two years, with a section 654 stay on count 8; as to count 9, one-third the midterm, or eight months, consecutive; as to counts 10 through 16, the midterm of two years, concurrent; as to counts 17-19, one-third the midterm, or 16 months, consecutive;[2] as to count 20, the midterm of two years, concurrent; as to count 21, the midterm of two years, stayed pursuant to section 654; as to count 22, the midterm of four years, concurrent; as to count 23, one-third the midterm, or 16 months, consecutive; as to counts 24 and 25, the midterm of four years, concurrent; as to count 26, one-third the midterm, or 16 months, consecutive; as to count 27, the midterm of two years, concurrent; and as to count 28, one-third the midterm, or 16 months, consecutive. As to the section 12022.1 enhancement, the court sentenced defendant to two years,

---

[2] The court orally stated that the sentence on count 18 should run concurrent; however, the court subsequently clarified that it misspoke when it said the sentence was to run concurrent, and that it intended the sentence on count 18 to run consecutive.

consecutive to all counts. The court ordered defendant to pay a $300 victim restitution fine, $300 parole revocation fine, $40 court operations assessment, and a $30 criminal conviction assessment,[3] and stated that restitution on all counts was to be determined.

Defendant filed a notice of appeal on October 8, 2020, stating that the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issues: (1) whether defendant's guilty plea was constitutionally valid; (2) whether the court erred in failing to consider his ability to pay the fines and fees; (3) whether the court abused its discretion by denying probation; (4) whether Assembly Bill No. 1950 applies to his case; (5) whether Assembly Bill No. 124 or Senate Bill No. 567 apply to his case; (6) whether Assembly Bill No. 177 or Assembly Bill No. 1869 apply to his case; and (7) whether his trial counsel was ineffective. Counsel has also requested this court to undertake a review of the entire record.

---

[3] The minute order and abstract of judgment list the court operations fee as $1,120, or $40 per conviction (Pen. Code, § 1465.8), and the criminal conviction assessment as $840, or $30 per conviction (Gov. Code, § 70373).

4

We offered defendant an opportunity to file a personal supplemental brief, which he has done. He filed a handwritten document, in which he asks this court to run the consecutive time on his sentence concurrent. He proceeds to discuss his longstanding addiction to drugs, his completion of the RSAT program, and how much he has changed in the past few years. He further states that he has a fiancé and a daughter, and he is looking for something positive to do with his time. Defendant asserts that he has signed up for fire camp and believes that if the court grants him the chance to have his consecutive terms changed to concurrent terms, he will be able to go to fire camp, which will allow him to return to his fiancé and daughter. Since defendant's request is unsupported by legal or factual analysis, we will pass on it without consideration. (*Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647; see *People v. Stanley* (1995) 10 Cal.4th 764, 793 [a court need not consider a claim that is not accompanied by argument or authority].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                                    J.

We concur:

RAMIREZ _____
                    P. J.

McKINSTER _____
                    J.